UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TELEPHONE SCIENCE CORPORATION, d/b/a NOMOROBO, A DELAWARE CORPORATION, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-1239-B |
| | § | |
| HARRIS & HARRIS LTD., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Harris & Harris LTD ("H&H")'s Motion (Doc. 12) to dismiss

Plaintiff Telephone Science Corporation d/b/a Nomorobo ("Nomorobo")'s Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) or 12(b)(3), or alternatively, to transfer this action to the

Northern District of Illinois under the doctrine of forum non conveniens. Because H&H has shown

the Northern District of Illinois is clearly a more convenient venue, the Court **TRANSFERS** the

case to the United States District Court for the Northern District of Illinois. Accordingly, the Court

declines to address H&H's Motion to Dismiss pursuant to 12(b)(6).[1]

---

[1] The Court does not consider H&H's Rule 12(b)(6) argument because "if transfer is proper, the transferee forum should decide a motion to dismiss." *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *1 (N.D. Tex. Sept. 16, 2013) (Lynn, J.) (citing *AllChem Performance Prods., Inc. v. Oreq Corp.*, No. 3:11–CV–3577–D, 2013 WL 180460, at *1 n.2 (N.D. Tex. Jan. 17, 2013) (Fitzwater, C.J.))

1

# I.

## BACKGROUND

This is a Telephone Consumer Protection Act ("TCPA") case. Nomorobo is in the business of detecting unwanted, automated phone calls, also known as robocalls. Doc. 1, Compl., 2.[2] To determine which numbers facilitate robocalls, Nomorobo maintains nearly 300,000 telephone lines, known as the "honeypot," that "exist to receive and record inbound calls from companies." *Id.* When Nomorobo identifies robocall numbers, it adds them to a "block list" that it provides to its paying customers. *Id.* Nomorobo claims H&H violated the TCPA by making over 16,000 robocalls to the honeypot. *Id.* at 3.

In response to the Complaint, H&H filed its Motion to Dismiss, asking the Court to dismiss the case pursuant to Rule 12(b)(3) or 12(b)(6), or to transfer the case to the Northern District of Illinois under the doctrine of forum non conveniens. Doc. 12, Mot., 5. The Motion is now ripe for the Court's review.

# II.

## LEGAL STANDARD

When venue is improper, a party may move to dismiss the case pursuant to Rule 12(b)(3). Here, although H&H moves to dismiss the Complaint under Rule 12(b)(3), it presents no arguments that venue is improper in this district. The Court therefore finds H&H waived its argument that the Court should dismiss the complaint for improper venue and instead evaluates only if the case should be transferred to the Northern District of Illinois under the doctrine of forum non conveniens pursuant to 28 U.S.C. § 1404(a).

---

[2] Except as otherwise noted, citations to a document's page numbers use the page numbers generated by the ECF docketing system.

Section 1404(a) codifies the doctrine of forum non conveniens. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). Under the statute, a district court may transfer a civil action to a different district "where it might have been brought" in the "interest of justice" and for the "convenience of parties and witnesses." § 1404(a). The movant seeking transfer must show "good cause." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Good cause is shown when the transferee venue is "clearly more convenient than the venue chosen by the plaintiff." *Id.*

First, the Court decides the threshold question of whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. *See id.* at 312. Second, the Court evaluates the private and public interest factors to determine if transfer of venue is convenient and in the interest of justice. *See id.* at 315. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citation omitted). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* The Fifth Circuit has cautioned that no single factor is dispositive. *Id.* Moreover, it has found that a "district court abuses its discretion by denying transfer when 'not a single relevant factor favors the plaintiff's chosen venue.'" *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quoting *Volkswagen*, 545 F.3d at 318) (internal brackets omitted).

3

## III.

## ANALYSIS

H&H has shown the transferee venue, the Northern District of Illinois, is clearly more convenient than the transferor venue, the Northern District of Texas. This case could originally have been brought in the transferee venue, and the forum non conveniens public and private interest factors favor transfer because the transferor district has little to no connection to this dispute.

A. *The Case Could Have Originally Been Filed in the Northern District of Illinois.*

To start, neither party disputes that this case could have been brought in the Northern District of Illinois. A forum-state has specific personal jurisdiction over a defendant when it "has minimum contacts with the forum state such that imposing a judgment does not offend traditional notions of fair play and substantial justice." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 351 (5th Cir. 2021) (citation modified). Moreover, venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The calls at issue were allegedly placed by H&H employees to the honeypot from H&H's Chicago office, its principal place of business. Doc. 13, Pl.'s Br., 7-8. The Court therefore finds the threshold inquiry satisfied and moves on to evaluate the private and public interest factors.

B. *The Private and Public Interest Factors Weigh in Favor of Transfer.*

After evaluating the private and public interest factors, the Court finds H&H has sufficiently shown that the Northern District of Illinois is the more convenient venue. The Court discusses each factor in turn below.

4

1.  <u>Private Interest Factors</u>

First, the Court evaluates the parties' relative ease of access to sources of proof. This factor focuses on where the "documents and physical evidence relating to the [case]" are located. *TikTok*, 85 F.4th at 358 (quoting *Volkswagen*, 545 F.3d at 316). Because "[t]he question is relative ease of access, not absolute ease of access," the "factor weighs in favor of transfer when the current district lacks any evidence relating to this case." *Id.* (emphasis and citations omitted). "But when 'the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum[,]' this factor bears less strongly on the transfer analysis." *Id.* (quoting *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)).

H&H argues this factor weighs in favor of transfer because it made the calls at issue from the Chicago office and therefore physical evidence, unless stored offsite, would be in Chicago as well. Doc. 13, Pl.'s Br., 8-9. In response, Nomorobo points out that H&H does not deny that the call data is likely stored electronically and is therefore equally accessible in either forum. Doc. 16, Def.'s Br., 26-27.

The Court finds that the first factor weighs slightly in favor of transfer. Neither party asserts evidence is available in this District. *See TikTok*, 85 F.4th at 358 (The first factor "weighs in favor of transfer when the current district lacks any evidence relating to th[e] case." (citation omitted)). Moreover, the parties agree relevant records are located electronically, and H&H does not identify what physical proof, if any, is located in Chicago. Therefore, this factor bears less strongly on the transfer analysis. *See Planned Parenthood*, 52 F.4th at 630.

The second factor focuses on "the availability of compulsory process to secure the attendance of witnesses." *Volkswagen*, 545 F.3d at 315. Since neither party identified third-party witnesses that

would be unwilling to testify, the Court gives this factor "less weight" and finds it is neutral. *Planned Parenthood*, 52 F.4th at 630-31.

The third private interest factor concerns the cost of attendance for willing witnesses. *Volkswagen*, 545 F.3d at 315. "When the distance between an existing venue for trial . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *TikTok*, 85 F.4th at 361 (citation omitted). "[I]t is more convenient for witnesses to testify at home" and "additional distance means additional travel time . . . meal and lodging expenses" and time "witnesses must be away from their regular employment." *Id.* (citation omitted). "Witnesses also suffer personal costs associated with being away from work, family, and community when they testify far from home." *Id.* (internal quotation marks and citation omitted).

Nomorobo argues that Texas is the more convenient venue for its probable witness Mr. Mizenko—the general manager of Nomorobo living in Tucson, Arizona—because the distance from Tuscon to Dallas is roughly 600 miles less than the distance between Tucson and Chicago. *See* Doc. 16-1, Mizenko Decl. ¶ 3 (hereinafter the "Mizenko Decl."). In contrast, Ms. Walker, the VP of Operations at H&H, states that the employees with personal knowledge of the calls at issue work at H&H's Chicago office. Walker Decl. ¶¶ 8-9. Nomorobo argues that H&H's failure to identify a specific witness that would be inconvenienced by a Texas venue precludes this factor from weighing in favor of transfer. Doc. 16, Pl.'s Resp., 27.

The Court finds this factor weighs in favor of transfer. While Nomorobo is correct that a party seeking to show a transferee venue is more convenient for witnesses must do more than assert vague allegations of inconvenience for unidentified witnesses, *see Gen. Elec. Cap. Corp. v. Daystone*

*Int'l Corp.*, No. 3:09-CV-929-O, 2010 WL 11618844, at \*2 (N.D. Tex. Jan. 6, 2010) (O'Connor, J.), Ms. Walker's declaration sufficiently identifies the key witnesses for H&H: the employees that made the calls from Chicago and the corporate officers that direct and control the company's activities also from the Chicago office. Walker Decl. ¶¶ 3, 8.

In regard to convenience, neither H&H nor Nomorobo have identified willing witnesses in this District. Nomorobo's witness, Mr. Mizenko, is located in Tucson. H&H's witnesses are located in the proposed transferee venue. Therefore, if the case is transferred to Chicago, H&H's witnesses no longer have to travel. *See Droplets, Inc. v. eBay, Inc.*, No. 2:11-CV-401, 2012 WL 12895365, at \*6 (E.D. Tex. July 2, 2012) ("This factor can favor transfer when a substantial number of material witnesses reside in the transferee venue and no witnesses reside in plaintiff's chosen venue." (internal quotation marks and citation omitted)). In contrast, the present forum does not eliminate Mr. Mizenko's travel burden. Although he will have a *lengthier* travel time going from Tuscon to the transferee venue, that inconvenience is lesser than H&H's witnesses having to travel to this District. The third factor therefore weighs in favor of transfer.

The parties agree that the fourth factor, which considers "all other practical problems that make trial of a case easy, expeditious and inexpensive," *Volkswagen*, 545 F.3d at 315, is neutral. The Court thus turns to the public interest factors.

2.   Public Interest Factors

The Court begins with the first public interest factor: administrative difficulties flowing from court congestion. As neither party addressed this factor, the Court concludes it is neutral.

The second public interest factor is the interest of the venues in having localized interests decided at home. *See id.* In evaluating this factor, the Fifth Circuit has guided district courts to look

to "the significant connections between a particular venue and the events that gave rise to a suit," rather than "the parties' significant connections to each forum." *TikTok*, 85 F.4th at 364 (citation modified). Therefore, "this factor weighs heavily in favor of transfer [when] . . . there is no relevant factual connection to the [transferor district]." *Volkswagen*, 545 F.3d at 317-18.

The Court agrees with H&H that this factor weighs in favor of transfer. There are no significant connections between this District and the events that gave rise to the suit. As discussed above, the calls at issue were placed from Chicago. Nomorobo's only identifiable tie to this District is that the honeypot included *some* telephone lines with Dallas area codes. Doc. 16, Pl.'s Br., 29. Without more, an unspecified number of Dallas area codes in the honeypot does not create a significant connection between the conduct underlying the TCPA claim and this District, especially when the calls were ultimately received by Nomorobo in New York. *See id.*

Nomorobo misunderstands the factor's focus when it argues that the factor is neutral because the honeypot's composition of nationwide area codes precludes this suit from having a "localized controversy." *Id.* The telephone numbers that make up the honeypot are not themselves events giving rise to Nomorobo's TCPA claim. Rather, it is H&H's alleged placement of automated telephone calls to the honeypot that gives rise to Nomorobo's TCPA suit. *See* Doc. 1, Compl., 13. Because these telephone calls were made by H&H employees in Chicago, *see* Walker Decl. ¶ 6, there is a significant connection between the proposed transferee district and the events giving rise to the suit. The second public interest factor therefore weighs heavily in favor of transfer.

The third public interest factor asks the Court to consider its "familiarity with the law that will govern the case." *Volkswagen*, 545 F.3d at 315. "This factor most 'commonly applies where the destination venue is in a different State—in which case that State's familiarity with the applicable law

8

would be especially probative to the transfer analysis.'" *TikTok*, 85 F.4th at 365 (citation omitted). But "[t]his factor does not weigh in favor of transfer when both districts are equally capable of applying the relevant law." *Id.* (citation and internal quotation marks omitted).

This factor is neutral. Nomorobo argues this factor weighs against transfer because its Complaint includes a claim for violation of section 305.053 of the Texas Business and Commerce Code. Doc. 16, Pl.'s Br., 23. But as Nomorobo acknowledges in its complaint, *see* Doc. 1, Compl., 6, section 305.053 merely "provides a private right of action for a violation of the TCPA." *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *5 (N.D. Tex. Feb. 24, 2022) (Fitzwater, S.J.). "If no violation of the TCPA exists, there is no violation of" section 305.053(a). *Id.* Therefore, because only evaluation of the TCPA is required here, both district courts are "equally capable of applying the relevant law." *TikTok, Inc.*, 85 F.4th at 365 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013)). This factor is therefore neutral.

Lastly, the fourth public interest factor centers on "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315. The Court finds this factor neutral as no party raises a conflict-of-laws issue.

In sum, no factor weighs in favor of keeping the case in the Northern District of Texas while at least two factors weigh in favor of transferring the case to the Northern District of Illinois. *See TikTok*, 85 F.4th at 358, 366 (finding a district court abused its discretion in failing to transfer when six factors were neutral and two weighed in favor of transfer). Accordingly, the Court finds H&H has shown the transferee venue is clearly more convenient and **TRANSFERS** the case to the Northern District of Illinois.

## IV.

## CONCLUSION

The Court **TRANSFERS** the above case to the United States District Court for the Northern District of Illinois. As the Court exercises its discretion to transfer the case, the Court shall not reach the remaining arguments in the Motion to Dismiss. Any unresolved issues are respectfully deferred to the considered judgment of the transferee court.

SO ORDERED.

SIGNED: March 9, 2026

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE